IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JAVIER IBARRA CARRANZA,** | § | |
| | § | |
| V. | § | A-14-CV-822-LY |
| | § | (A-12-CR-184(2)-LY) |
| **UNITED STATES OF AMERICA,** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Javier Ibarra Carranza's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 146); Carranza's Memorandum in Support of the Motion (Dkt. No. 147); and the Government's Response (Dkt. No. 158). The undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. GENERAL BACKGROUND**

On May 1, 2012, Carranza was charged in a two-count indictment with conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); and possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Dkt. No. 13. Carranza was charged in a superseding indictment on July 17, 201 which added two additional charges: possession of a firearm during a drug transaction, in violation of 18 U.S.C. § 924(c)(1); and illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 2, 922(g)(5), and 924(a). Dkt. No. 36.

Carranza proceeded to trial, and on September 11, 2012, a jury found him guilty on all four counts of the superseding indictment. Dkt. No. 73. On December 13, 2012, the Court sentenced Carranza to a 123-month term of imprisonment—63 months on each of counts one, two, and four, to be served concurrently and a consecutive 60-month term imprisonment on count three—followed by a four-year term of supervised release. Dkt. No. 89. Carranza appealed the judgment, alleging there was insufficient evidence for the firearm conviction. Dkt. No. 94. On January 10, 2014, the Court of Appeals affirmed Carranza's conviction in a written opinion. Dkt. No. 137.

On August 27, 2014, Carranza filed this motion, challenging his conviction on the basis of alleged ineffective assistance of counsel. Dkt. No. 146.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective

assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III. DISCUSSION

Carranza argues that he was denied the effective assistance of counsel because his attorney, Pablo Avila ("Avila"): (1) misled him into pleading guilty to the firearm charge; (2) failed to explain how his sentence would run; (3) failed to argue for an adjustment in his sentencing guidelines for acceptance of responsibility; (4) failed to argue for a downward adjustment for his mitigating role in the conspiracy; and (5) failed to object to the firearms that were attributed to him.

**A.**     ***Strickland* Standard**

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a

different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

**B.      Guilty Plea**

Carranza alleges that he Avila was ineffective for convincing him to plead guilty to the firearm charge. But Carranza did *not* plead guilty to that charge. Indeed, the government disclosed on the record at docket call that a plea offer had been communicated to Avila, and Carranza stated on the record that he was aware of it and chose to reject it. Dkt. No. 118 at 2-3. Given that the offer included the government dropping the firearm charge—which carried a mandatorily consecutive sentence of at least 5 years—it is unsurprising that Carranza regrets that decision. But regret is not ineffective assistance of counsel. This claim is frivolous.

**C.      Failure to Explain Sentencing**

Carranza next alleges that he may have accepted a plea agreement if Avila had explained that the firearm conviction would run consecutive to any other conviction in the case. Once again, this allegation is belied by the record. At the docket call, when it placed on the plea offer on the record, the government stated that it had "made an offer to this defendant for his 5 to 40 count and dismissing of *mandatory consecutive* firearms counts." Dkt. No. 118 at 3 (emphasis added). Carranza was present at the docket call, and confirmed that he was aware of the offer and wished to reject it and go to trial. *Id.* Moreover, prior to sentencing, Judge Yeakel specifically informed Carranza that his sentence on the firearms count would be a consecutive sentence. Dkt. No. 121 at 3. Carranza stated that he understood this, and did not raise any questions or complaints about it. Because the record reflects that Carranza was aware of the mandatorily consecutive nature of the

punishment required on the gun charge before he went to trial, he cannot show any prejudice if in fact Avila failed to inform him of that fact. Without a showing of prejudice, he cannot prevail on a claim of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687.

**D.      Acceptance of Responsibility**

Next, Carranza contends that Avila was ineffective because he failed to seek an adjustment of his offense level under the Sentencing Guidelines for acceptance of responsibility. Carranza claims he was entitled to such a reduction because he did not resist arrest. Once again, Carranza's argument has no merit, and is based on a misunderstanding of the law. The Application Notes to the Acceptance of Responsibility Guideline section state:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, App. Note 2. Carranza, proceeded to trial and consistently maintained his innocence. The government noted at the sentencing hearing that Carranza had not admitted his guilt or apologized for his offense. Dkt. No. 121 at 8. At sentencing, Carranza continued to maintain that he "was just a victim." *Id.* at 12. Because there was no basis for Avila to argue for an adjustment for acceptance of responsibility his failure to do so was not ineffective. *United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999) ("[a]n attorney's failure to raise a meritless argument . . . cannot form

the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

**D.    Mitigating Role**

Carranza also faults Avila for failing to argue that he played a minimal or minor role in the conspiracy, which would have resulted in a reduction in his offense level of 2 to 4 points. *See* U.S.S.G. § 3B1.2. To be eligible for the minimal participant adjustment, Carranza had to establish that he was "plainly among the least culpable of those involved in the conduct of a group" and that he had a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* To be eligible for the minor participant adjustment, Carranza had to prove that, despite having a role in the conspiracy that "could not be described as minimal," he was still "less culpable than most other participants." *Id.*

Avila did not make this argument at sentencing, so the primary issue is whether there was any basis for the argument, such that there is "a reasonable probability that the result of the proceedings would have been different" had the issue been raised. *Crane*, 178 F.3d at 312. A defendant's entitlement to this adjustment "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, App. Note. 3(C). Carranza's claim is that he was merely present at the stash house, as he was on his way to Houston with smugglers. This defense was detailed in Avila's opening statement at trial:

> The evidence is going to show that my client was on a trip as an illegal alien, coming in from Mexico to Houston, Texas. The evidence is going to show that he came across on foot to a destination where he got picked up in a pickup truck which was also carrying marijuana. And before going to drop him off at Houston, the truck came to Austin first to drop off the marijuana. After that my client was going to be going to Houston. He had his own money to pay for the trip.

Dkt. No. 119 at 113. The credibility of this story was undermined by testimony regarding the contents of Carranza's pockets at the time of his arrest. A detective with the Austin Police Department testified at trial that when he arrested Carranza, he found $2,000 cash, two cell phones, and a credit card in Carranza's pockets, something he had never found on in alien being smuggled into the country. Dkt. No. 120 at 47-48. Additionally, he testified that he had never seen a smuggled alien in a stash house, because there is "a lot of money to lose if somebody else that's not involved knows about it." *Id.* at 48. Carranza's wallet also contained receipts from Houston stores dated one to six days before his arrest, suggesting that his story that he was on his way from Mexico to Houston was false. *Id.* at 49-50. The government's closing statement focused on these inconsistencies. *Id.* at 130. Given this evidence, and the lack of any controverting evidence to support the claim of mere presence, Carranza has failed to demonstrate that he was something other than an "average" participant in the conspiracy. He has therefore failed to demonstrate prejudice, even if Avila's failure to argue for a downward departure is assumed to be ineffective.

### E.   Firearms Possession

Finally, Carranza believes Avila failed to investigate his case, because he did not object to the firearm possession charge. Specifically, Carranza argues that he should not have been charged with possessing a weapon because he did not know firearms were in the home and he was not in possession of a firearm when he was arrested. This claim also has no merit. At both the trial and the sentencing hearing, Avila objected to Carranza's association with the firearms, and raised the very issue Carranza claims he failed to investigate.

Avila presented this argument at trial, and moved for a verdict of acquittal on this count. Dkt. No. 120 at 58. Avila argued that "there were no witnesses that showed that my client

knowingly possessed, used, and carried a firearm in commission of an offense." *Id*. at 60. The court denied this motion. *Id.* at 61. The jury was charged that to find Carranza guilty of the firearms offense, it had to find that he possessed a firearm in furtherance of a drug crime, and the charge explained the legal concept of constructive possession. The jury considered the evidence, and returned a verdict of "guilty" on the gun count. On appeal, the Fifth Circuit affirmed the conviction, rejecting Carranza's argument there was in sufficient evidence to support it. Dkt. No. 137 at 4.

Thus, Avila had no basis to object to Carranza's association with the firearms during sentencing. Yet, he objected nonetheless:

> Your Honor, there was never any evidence put on by the government that my client had actual possession of them, that he actually knew where they were, or there was never any specific evidence that he was actually in the same room where the guns actually were. As a matter of fact, the government's witness testified that when they busted into the house, my client ran away. So, you know, he was in no way intending to use any of the weapons that were there.

Dkt. No. 121 at 11-12. Avila thus maintained that Carranza should receive the minimum sentence on that charge. Avila could not be expected to argue this point any further, as attorneys need not argue a claim that is "frivolous and without merit." *Koch v. Pucket*, 907 F.2d 524, 527 (5th Cir. 1990). Avila's actions challenging the firearm charge at trial and sentencing met the standard of care, and this claim has no merit.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the district judge **DENY** the Motion to Vacate, Set Aside, or Correct his Sentence (Dkt. No. 146).

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## VI. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended to February 1, 2010, the District Court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

SIGNED this 29th day of June, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE